Michael Chen Esq. (SBN 218863)
Michael Chen Law Offices
2975 Huntington Dr. Ste 101
San Marino, CA 91108
michael@michaelchenlaw.com
Tel: (626) 249-2002
Attorneys for Plaintiff Chinese American Truckers Association

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chinese American Truckers Association, a Nonprofit Corporation for Public Benefit;<br><br>Plaintiff<br><br>v.<br><br>Federal Motor Carrier Safety Administration ("FMCSA"), a federal government agency; Derek D. Barrs, Administrator of FMCSA, in his official capacity; Steve Gordon, Director of California Department of Motor Vehicles, in his official capacity;<br><br>Defendants | **Civil Action No.** 5:26-cv-00063-JGB-DTB<br><br>**PLAINTIFF CATA'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR TRO**<br><br>Hearing Date: January 20, 2026<br><br>Time: 11:00AM<br><br>Location: Courtroom 1 Riverside Courthouse<br><br>Judge: Hon. Jesus G. Bernal<br><br>Action Filed: January 7, 2026<br><br>Trial Date: TBD |

**PLAINTIFF CATA'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR TRO**

## I. INTRODUCTION

Plaintiff Chinese American Truckers Association ("CATA") seeks narrow emergency relief to prevent imminent and irreparable harm caused by DMV's categorical refusal to accept and adjudicate: **(1)** renewal/extension transactions for otherwise-qualified holders of expiring limited-term/non-domiciled CDLs, and (2) replacement of lost or stolen physical CDL cards for otherwise-qualified current CDL holders.

1
**REPLY ISO EX PARTE APPLICATION FOR A TRO**

CATA's request is intentionally confined to a "safe lane" of individualized processing tethered to valid lawful presence/work authorization documentation and does **not** seek (a) broad resumption of non-domiciled CDL "issuance," or (b) TRO relief on mismatch-based cancellation issues. The oppositions do not defeat this narrow request; instead, they attempt to reframe it into an overbroad challenge to federal oversight or into a speculative fear of federal consequences.

## II. MOOTNESS: CATA CONCEDES THE "UNREASONABLE DELAY" CAUSE OF ACTION IS MOOT

CATA concedes that to the extent the Complaint asserted an APA "unreasonable delay" theory premised on the absence of a final FMCSA determination, that claim is now moot in light of FMCSA's January 7, 2026 Final Determination. CATA does not oppose dismissal of that cause of action.

That concession does not moot the TRO controversy. The ongoing injury is DMV's present categorical refusal to accept and adjudicate individualized renewal/extension and replacement transactions, creating an immediate "expiration cliff" and replacement crisis independent of any now-moot delay claim.

## III. JURISDICTION: THIS TRO DOES NOT SEEK DISTRICT-COURT REVIEW OF FMCSA'S FINAL DETERMINATION; ANY FUTURE CHALLENGE TO A CONCRETE, FINAL FMCSA POSITION WOULD BE EXCLUSIVELY IN THE COURT OF APPEALS UNDER THE HOBBS ACT

FMCSA's opposition argues that challenges to the Final Determination fall under the Hobbs Act's exclusive review scheme. CATA is not asking this Court to vacate, set aside, or review the merits of the Final Determination. The TRO request is directed at DMV's ongoing categorical nonprocessing that is causing immediate irreparable harm.

To streamline issues and avoid litigating a premature Hobbs Act dispute, CATA will dismiss FMCSA from this action at this stage, and proceed against DMV for narrow TRO relief requiring individualized renewal/extension and replacement processing.

If FMCSA later adopts and enforces a concrete, final written position that specifically states renewal, extension, and/or replacement transactions are prohibited or treated as "issuance"

under the Final Determination, then any challenge to that final agency action would be subject to exclusive review in the appropriate United States Court of Appeals under the Hobbs Act, 28 U.S.C. § 2342.

## IV. DMV'S "FMCSA FORCED ME" DEFENSE IS SPECULATIVE AND DOES NOT JUSTIFY CATEGORICAL NONPROCESSING

DMV's opposition effectively asserts: "we would process renewals, extensions, and replacements, but FMCSA will treat any transaction as noncompliance." That claim is speculative as to renewals/extensions/replacements and cannot justify a blanket refusal to adjudicate individualized requests:

Renewal/extension/replacement are materially different from "upgrade" transactions. The only exemplar Defendants repeatedly rely upon involves an "upgrade" or expansion of privileges (e.g., removal of restrictions). That is not the same as (a) renewing/extending an existing privilege for an otherwise-qualified driver tethered to valid lawful presence/work authorization, or (b) replacing a lost/stolen physical card for a currently valid license.

There is no concrete, final written FMCSA position in this record specifically stating that renewal/extension/replacement are prohibited or treated as issuance. Absent such a concrete position, DMV cannot justify categorical nonprocessing based on fear of what FMCSA *might* do.

Equitable relief is warranted because DMV's categorical nonprocessing creates immediate irreparable harm. The record reflects drivers are losing the ability to work not because they fail eligibility requirements, but because DMV refuses to accept and adjudicate narrow transactions.

The Court should not allow DMV to avoid judicial scrutiny of ongoing harm by pointing to speculative federal consequences—especially where the TRO is tailored to a compliance-aligned "safe lane" and does not mandate broad issuance.

## V. THE REQUESTED RELIEF IS NARROW, ADMINISTRABLE, AND COMPLIANCE-ALIGNED

The proposed TRO requires DMV to accept and adjudicate individualized renewal/extension and replacement requests for otherwise-qualified drivers. It does not require

DMV to issue any CDL to a person who does not satisfy applicable eligibility and verification requirements. It does not require DMV to expand privileges or conduct "upgrade" transactions. And it does not prevent DMV from continuing to comply with any binding federal or state requirements.

If the Court is concerned about the possibility of a later concrete FMCSA position, CATA proposes a procedural safeguard: an expedited stay/modify mechanism (set forth in the proposed order below) if FMCSA later issues a concrete, final written statement specifically covering renewal/extension/replacement.

## VI. THE WINTER FACTORS FAVOR EMERGENCY RELIEF

**Irreparable harm.** Without relief, drivers face immediate inability to work from imminent expirations and inability to prove licensure when a CDL card is lost or stolen.

**Balance of equities and public interest.** The public interest favors maintaining lawful commerce and roadway safety by permitting individualized processing tethered to verification, rather than forcing qualified drivers out of work through categorical nonprocessing.

**Likelihood of success / serious questions.** At minimum, the TRO presents serious questions on the lawfulness of DMV's blanket nonprocessing where no concrete federal directive expressly forbids the narrow transactions requested and DMV's defense rests on speculation.

## VII. CONCLUSION

CATA respectfully requests that the Court grant the narrow TRO against DMV requiring a limited "safe lane" for individualized renewal/extension adjudication and replacement processing for otherwise-qualified drivers, tethered to lawful presence/work authorization verification, and set an expedited schedule for further proceedings. CATA also concedes the unreasonable-delay cause of action is moot and will dismiss FMCSA at this stage to streamline the TRO.

Dated: January 19, 2026
Respectfully submitted,
/s/ Michael Chen
Michael Chen, Esq.
Attorney for Plaintiff Chinese American Truckers Association